**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IN   RE:   INNOVATUS   CAPITAL PARTNERS, LLC'S RULE 45 SUBPOENA TO MTRX HOLDINGS II, LLC | MISC. ACTION NO. _____ |

**INNOVATUS CAPITAL PARTNERS, LLC'S MOTION TO COMPEL**
**DOCUMENTS RESPONSIVE TO SUBPOENA**

Innovatus Capital Partners, LLC  hereby moves this Court to compel documents responsive

to its Rule 45 Subpoena to Produce Documents issued to non-party MTRX Holdings II, LLC in

connection with a lawsuit pending in the United States District Court for the Southern District of

New York entitled *Innovatus Capital Partners, LLC v. Jonathan Neuman et al.*, Civil Action No.

1:18-cv-4252-LLS (together with a related lawsuit  entitled *MV Realty PBC, LLC v. Innovatus

Capital Partners, LLC*, Civil Action No. 1:18-7142-LLS, the "Litigation"), for the reasons set

forth below in the incorporated Memorandum of Law.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

**PRELIMINARY STATEMENT**

The Court should compel MTRX Holdings II, LLC ("MTRX") to promptly produce all

responsive documents because it has waived any objections to the subpoena served by Innovatus

Capital Partners, LLC ("Innovatus") on August 23, 2021 ("Subpoena") and there is no valid basis

for it to resist the Subpoena.

In the Litigation, Innovatus alleges that Jonathan Neuman, Antony Mitchell, Ritz Advisors,

LLC, Greg Williams, Daryl Clark, and Amanda Zachman—all connected to a Florida real estate

brokerage firm named MV Realty PBC, LLC ("MV Realty," and together with the other

Defendants, the "MV Realty Parties")—engaged in a brazen scheme to steal Innovatus'

1

confidential business methods, solutions, and know-how relating to an innovative business employing right to list ("RTL") real estate contracts, in violation of Non-Disclosure Agreements ("NDAs") they signed with Innovatus.  The RTL concept involves a homeowner agreeing to give a real estate brokerage firm the right to list a home for sale in the future, if and when the homeowner chooses to sell, in exchange for an upfront cash payment.  The NDAs specifically prohibited the MV Defendants from disclosing confidential information received from Innovatus to third parties, using Innovatus' confidential information for any purpose other than the parties' proposed joint venture, or pursuing Innovatus' valuable business solutions and methods without Innovatus.

Recently produced documents show that while the MV Defendants continued to siphon confidential information from Innovatus under the guise of finalizing a joint venture,  the MV Defendants ditched Innovatus, and, in flagrant breach of their NDAs, stole its business methods, solutions, and know-how to launch the business with ███████ █████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████ Public filings with the Florida Secretary of State reveal that MTRX is controlled by Mitchell and Neuman.

Given these events, Innovatus issued a targeted subpoena to MTRX requesting documents that are relevant to its claims against the MV Defendants.  Plainly, documents related to ███████ ████████████████████████████████████ its analyses of the markets for RTL Transactions, its

internal valuations of MV Realty or the RTL Business, and MTRX's communications with 777 Partners regarding the RTL Business are all centrally relevant to the Litigation. Those documents are likely to reveal details about the MV Defendants' use of Innovatus' confidential methods and their pursuit of the Business Opportunity in violation of their NDAs. The documents may also reveal critical information about the competitive advantage that the MV Defendants seized by violating those NDAs. And the documents would also yield critical information about the valuation and profitability of the MV Defendants' RTL Business, which would be directly relevant to Innovatus' potential damages. The extent to which Innovatus is able to recover from the MV Defendants will depend, in part, on how much they have unjustly enriched themselves by violating their NDAs and profiting off Innovatus' confidential business methods.

Yet, MTRX has brazenly flouted its discovery obligations under the Subpoena. At first, it completely ignored the Subpoena and chose neither to raise objections nor produce any documents by the Subpoena's September 10, 2021 deadline. There is no excuse for that complete failure to comply: MTRX is controlled by two of the MV Defendants, and it is represented by the same counsel as the MV Defendants in the Litigation. Then, nearly three weeks *after* the deadline, MTRX served blanket, boilerplate objections that fail to address the specific requests or provide any specific basis for the objections. And during meet-and-confer discussions, counsel for MTRX has offered no additional reasons for their blanket refusal to comply. For these reasons and those explained below, Innovatus respectfully asks this Court to hold that MTRX has waived its objections and to compel full compliance with the Subpoena.

**FACTUAL BACKGROUND**[1]

**I.     The MV Defendants Sign NDAs with Innovatus To Gain Access to Innovatus' Valuable Business Methods, Solutions, and Know-How**

In August 2017, Innovatus, an independent advisor and portfolio management firm headquartered in New York, approached Defendants Neuman and Mitchell, who operated and controlled MV Realty, regarding an opportunity to partner with Innovatus on an innovative business employing RTL contracts. When Innovatus approached Neuman and Mitchell, the idea of RTLs was not even on their radar, and they had no independent efforts underway to develop or pursue this type of business.

To protect its proprietary business vision, ideas, and work, Innovatus insisted that Neuman and Mitchell, and a related entity Ritz Advisors, sign NDAs before gaining access to any information. All three signed NDAs with Innovatus on August 24, 2017. Among other things, these NDAs tightly restricted access to confidential information, whether then existing or created thereafter, and prohibited Defendants from using any confidential information except in furtherance of their business relationship with Innovatus. The NDAs also specifically prohibited Defendants from pursing Innovatus' business solutions and methods without Innovatus.

Following this initial round of NDAs, the remaining Defendants signed NDAs containing similar confidentiality and non-circumvention provisions. Greg Williams, a licensed MV Realty sales associate, and Amanda Zachman, a licensed MV Realty broker, signed their NDAs on October 20, 2017. And, on January 22, 2018, Daryl Clark, MV Realty's CFO, also signed an NDA. In total, the MV Defendants signed six separate NDAs with Innovatus over the span of six months. In reliance on the promises contained in the NDAs, between late August 2017 and April

---

[1] For a fuller recitation of the facts, please refer to the Complaint filed in the Litigation, attached hereto as Exhibit A.

2018, Innovatus gave the MV Defendants direct access to its valuable confidential information and taught them the ins-and-outs of their innovative new business capitalizing on the RTL concept.

## II.     MV Realty ██████████████████ and Then Betrays Innovatus[2]

But after eight months of tapping Innovatus' confidential information, in late April 2018, the MV Defendants blindsided Innovatus with news that they were ditching the joint venture and going to launch on their own using Innovatus' methods.  While the impetus behind the MV Defendants' surprising split from Innovatus was originally unknown, discovery has started to fill in the missing pieces.  On the eve of the court-ordered document production deadline in the Litigation, the MV Defendants produced documents showing that – *before* the April breakup – ██████████████████████████████ their planned betrayal of Innovatus.

Indeed, by March 23, 2018, ████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████████
A few days later, ████████████████████████████

---

[2] The facts in this section are not contained in the Complaint, as Innovatus only became aware of them through discovery.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████ Less
than two weeks later, Mitchell and Neuman dropped the bombshell on Innovatus that they were
scrapping the joint venture and launching on their own. ████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████

### III.    Overview of the Litigation

Innovatis filed suit against the MV Defendants, on May 11, 2018, for anticipatory breach of the NDAs, breach of contract, and injunctive relief.  The MV Defendants filed an answer and counterclaim seeking declaratory relief, as well as a separate action seeking the same relief.  The cases are pending before Judge Louis Stanton in the Southern District of New York.

On December 23, 2020, five months *before* the MV Defendants belatedly produced the smoking gun evidence regarding their ████████████ Judge Stanton entered an order granting in part and denying in part the MV Defendants' motion for summary judgment.  Judge Stanton dismissed Innovatus' claim for injunctive relief but ruled that "if Innovatus' considerable work, effort, research and thought during the period the parties were working together enhanced the results of MV's RTL business, it should be evaluated and, if useful, compensated."  Ex. J, 12/23/20 Order, at 2.  Judge Stanton also held that "[Innovatus'] entitlement to recompense for its contributions, to the extent that they have benefitted the enterprise, is still to be evaluated."  *Id.*

Judge Stanton issued another order on February 11, 2021, further clarifying the scope of discovery and the parties' claims and explaining that "[t]he underlying principle [of the case as it now stands] is that of unjust enrichment."  Ex. K, 2/11/21 Order, at 1.  Judge Stanton continued:

> The extent to which Innovatus is entitled to compensation from MV, under any theory of recovery, will depend on Innovatus' ability to establish the usefulness and value of its work, effort, research and thought during the period the parties worked together.  That determination requires, as a start, understanding what methods both

parties have used, and are using, based on the materials generated by Innovatus' efforts. It is that material whose value is to be ultimately appraised.

Accordingly, each party must reveal the degree, if any, it has used that material, and whether it is still doing so. That will furnish a pragmatic basis on which the value, experiences, utility and profitability of that method can be discussed and judged.

*Id.* at 2. These orders make clear that a key focus of discovery is the extent to which the

MV Defendants used and financially profited from Innovatus' efforts and its confidential

information.

**IV.   Innovatus Issues Subpoena to MTRX and MTRX Fails to Timely Respond or Provide Documents**

Following the court's summary judgment ruling, the parties have been actively engaged in

discovery. █████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████

On August 23, 2021, Innovatus served Subpoenas on MTRX and Tin-Rez to ascertain how

the entities were involved in MV Realty's RTL-related joint venture with 777.[3]  Innovatus also

sought to locate additional critically relevant materials that MTRX and Tin-Rez may have in their

---

[3] A copy of the Subpoena is attached hereto as Exhibits L.  Proof of Service of the Subpoena is attached hereto as Exhibit N.

possession separate from the MV Defendants—such as internal analyses of, notes of discussions of, and communications regarding Tin-Rez's or MTRX's investment or ownership in MV Realty or the RTL business, and similar documents. The MV Defendants' counsel initially informed Innovatus' counsel on August 23, 2021 that they were not authorized to accept service of the Subpoena on MTRX and Tin-Rez. *See* Ex. O, 8/23/2021 Email from Covington. Innovatus thus effected personal service on MTRX and Tin Rez's registered agent on August 23, 2021. The Subpoena's compliance date of September 10, 2021 passed without any response.

Then, on September 27, 2021—17 days after the Subpoena's compliance date and 35 days after service of the Subpoena—counsel for the MV Defendants communicated for the first time that they were representing MTRX and Tin-Rez for purposes of the Subpoenas. *See* Ex. P, 9/27/2021 Email from Covington. Counsel also served general boilerplate objections to the Subpoenas, including objections that the requests (i) were "overbroad, unduly burdensome and disproportionate to the needs of the litigation," (ii) "seek documents that are available from parties to the underlying litigation," and (iii) "seek[] documents that contain confidential information." *See* Exs. Q, R, MTRX & Tin-Rez Objections to Innovatus' Subpoenas. The objections fail to explain their reasoning in any specific and particularized way. And, during meet-and-confer discussions, counsel for MTRX and Tin-Rez declined to offer any additional explanation.[4]

---

[4] This motion is timely under Local Rule 26.1(g)(1), which requires that "[a]ll disputes related to discovery shall be presented to the Court by motion . . . within (30) days from the . . . original due date . . . of the response or objection to the discovery request that is the subject of the dispute." The original due date in the Subpoena was September 10, 2021. Thirty days thereafter fell on a federal holiday, Columbus Day, Monday, October 10, 2021, meaning the deadline for filing a motion to compel is Tuesday, October 12. Moreover, MTRX issued untimely objections on September 27, 2021. This motion is also filed within 30 days of those objections. *See* S.D. Fla. L.R. 26.1(g)(1).

## ARGUMENT

The Court should enforce the Subpoena and compel MTRX to produce immediately all responsive documents because (1) MTRX has waived any objections by serving its cursory, boilerplate objections nearly three weeks after the deadline and (2) the Subpoena requests are in any event narrowly tailored to obtain highly relevant documents that go to the heart of Innovatus' claims.

## I.      MTRX  Waived Any Objections to the Subpoena

As a threshold matter, MTRX's objections to the Subpoena are untimely and are therefore waived.  Under Federal Rule of Civil Procedure 45, objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  "[F]ailure to serve any objections in the time provided constitutes a waiver of any objections."  *Whatley v. World Fuel Servs. Corp.*, No. 20-20993, 2020 WL 2616209, *3 (S.D. Fla. May 22, 2020).  Here, the deadline for objecting to the Subpoena was September 7, 2021.[5] However, as discussed above, MTRX failed to serve any objections by the deadline.  Moreover, MTRX cannot show good cause for its delay.  Even before serving their registered agent, Innovatus sent a copy of the Subpoena to MTRX's counsel, who also represent the MV Defendants in the Litigation.  MTRX only served its objections after Innovatus followed up after the deadline passed without any response.  And clearly MTRX did not need more than a month to draft its blanket, boilerplate objections.  On this ground alone, the Court should grant Innovatus' motion.  *See*

---

[5] The Subpoena were hand served on August 23, 2021. The 14-day period set forth in Rule 45 expired on September 6, 2021, which was a legal holiday.  Accordingly, the objection deadline was extended until September 7.  But MTRX did not raise any objections until September 27, 2021—nearly three weeks late.

*Trujillo v. USAA Cas. Ins. Co.*, No. 11-80320-CIV, 2012 WL 12855428, at *2 (S.D. Fla. May 2, 2012) (granting motion to compel where non-party failed to explain why he could not timely raise his objections).

Moreover, MTRX's conclusory, blanket objections, coming weeks after the objection deadline, are improper. Courts in this district have repeatedly warned that "nonspecific, boilerplate objections" are "meaningless" and do not satisfy the discovery rules. *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008). The Eleventh Circuit has also cautioned that boilerplate objections are insufficient and verge on frivolous. *See Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009). Instead, a party "must explain the specific and particular ways" in which each request is overly broad or unduly burdensome. *Guzman*, 249 F.R.D. at 400. Likewise, "an objection that a discovery request is irrelevant . . . must include a specific explanation describing why the request lacks relevance." *Id.* at 401. And "[g]eneralized objections asserting 'confidentiality' . . . also do not comply with local rules." *Id.*

MTRX has flouted its obligations under the Local Rules and Federal Rules of Civil Procedure. Rather than making appropriately supported objections for each request, MTRX has made general, blanket objections to the Subpoena as a whole. For instance, it asserts that "the requests are overbroad, unduly burdensome, and disproportionate to the needs of the case" without ever explaining "the specific and particular ways" in which *each request* is allegedly objectionable. *Guzman*, 249 F.R.D. at 400. Similarly, it generically argues that the requests "do not have any relevance" to Innovatus' breach of contract claim without any "specific explanation describing *why* the request lacks relevance." *Id.* (emphasis added). And it claims that the Subpoena seeks "confidential and proprietary information" without describing the nature of the confidential information or any basis for withholding relevant confidential documents. These types of

boilerplate responses fail to raise a proper objection. On this ground alone, the Court should compel the production of all documents responsive to the Subpoena. *See Walinbay S.A. v. Fresh Results, LLC*, No. 13-CIV-60844, 2014 WL 1267170 (S.D. Fla. Feb. 26, 2014) (finding that non-party's generalized objections "alone would warrant overruling the objections and compelling production of the documents"); *Rivera v. 2K Clevelander, LLC*, No. 16-21437-CIV, 2017 WL 5496158 (S.D. Fla. Feb. 22, 2017) (granting motion to compel because "generic, boilerplate, and cursory" objections "effectively waived any applicable objection").

## II. The Subpoena Requests Are Highly Relevant and Appropriately Tailored

Even if MTRX had not waived any objections, the Subpoena requests are well within the bounds of permissible discovery. Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information, so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Id.* at *2 (quoting *State Nat'l Ins. Co. v. City of Destin*, 2015 WL 11109379, at *1 (N.D. Fla. Sept. 1, 2015)). Courts apply "a liberal and broad scope of discovery," *Id.* at *1, and "strongly favor full discovery whenever possible." *Id.* (quoting *Farnsworth v. Proctor & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985)). Moreover, the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. *Whatley*, 2020 WL 2616209, at *2.

Here, the documents requested go to the core of the case. The documents that Innovatus has requested relating to MV Realty's profitability, the Litigation, and the market for RTL transactions are directly relevant to the MV Defendants' decision to split from Innovatus and pursue a competing business in violation of their NDAs, as well as the value of any competitive

advantage that MV Realty obtained from breaching those agreements.  Further, communications between MTRX and 777 relating to MV Realty are crucial to Innovatus' breach of contract claim because recent discovery has revealed that Defendants Mitchell and Neuman ██████████ ████████████████████████████████████████████████████ while they were still purporting to do business with—and gaining critical confidential information from— Innovatus.  MTRX has not provided any information to support its assertion that the production of documents responsive to these requests would be unduly burdensome—because they would not be.  Rather, Innovatus' requests are narrowly tailored and limited to discrete topics over a four-year period.  Furthermore, the fact that the MV Defendants may also have documents relating to these topics is not a sufficient basis for MTRX to withhold all documents in its possession. Moreover, MTRX's counsel cannot in good faith argue that Innovatus should seek these documents from the MV Defendants when those Defendants—who are represented by the same counsel—have refused to produce the documents themselves.  Finally, the two-tier protective order entered in the Litigation resolves any concerns about the disclosure of confidential or proprietary information.

For the reasons detailed below, this Court should compel MTRX to immediately produce the documents requested.

**REQUEST NO. 1:  Documents sufficient to show from formation until the present (i) Your ownership structure, (ii) Your ownership interest in MV Realty, the RTL Business, and/or any Affiliated business; and (iii) any financing You provided to, or arranged for, MV Realty, the RTL Business, and/or any Affiliated business.**

MTRX's Objections: MTRX asserted blanket objections to the Subpoena, on the basis of (i) relevancy; (ii) overbreadth, undue burden, and disproportionality; (iii) availability of documents from other parties; and (iv) confidential and proprietary information.

Reasons Assigned as Supporting the Motion to Compel:  These documents are plainly

relevant to the nature and value of the MV Defendants' RTL Business.  The Court in the Litigation has held that the extent that Innovatus' development of the Business Opportunity "enhanced the results of MV's RTL business, [] *should be evaluated* and, if useful, compensated."  Ex. J, at 2 (emphasis added).  And it further clarified that Innovatus' ability to recover from the MV Defendants "will depend on Innovatus' ability to establish the usefulness and *value of its work* . . ."  Ex. K, at 2 (emphasis added).  Therefore, ███████████████ are relevant to the value of the Business Opportunity that Innovatus claims was improperly stolen.  Likewise, █████████ ██████████████████████████████ is also relevant to valuation and damages.

MTRX further objects that the requests broadly seek "[a]ll documents" on particular topics, while ignoring that the subject matter of this Request is narrowly tailored to "documents sufficient to show" ████████████████████████████████████████████████ MTRX fails to provide information regarding the volume of documents responsive to this request or the anticipated costs of compliance.  *See Whatley*, 2020 WL 2616209, at *3.  Likewise, its objection that the requests are not "time-bound" ignores the fact that this request (like others) pertains to the RTL Business, which did not begin until August 2017 when the MV Defendants began entering into their NDAs with Innovatus.

Furthermore, the blanket assertion that "any responsive documents in the possession of [MTRX] would also be in the possession of the parties to the underlying litigation" is meritless. First, that is simply not the case.  This Request seeks documents internal to MTRX, including documents concerning ███████████████████████████████████████████. Moreover, even if Innovatus could obtain some responsive documents from the MV Defendants, "[t]hat is not a proper basis to deny production of documents . . . at least where the requests are particularly stated and the topic is squarely relevant to either the claims and/or defenses raised in

the case." *Atlas One Fin. Grp., LLC v. Alarcon*, No. 12-23400-CIV, 2015 WL 12670512, at *2 (S.D. Fla. Jan. 16, 2015).  *See also Ghahan, LLC v. Palm Steak House, LLC*, No. 12-80762-CIV, 2013 WL 12095557 (S.D. Fla. June 20, 2013) ("A party is entitled to the production of documents even where the requesting party is in possession of the documents.").  And this objection is particularly specious here, given that MTRX is controlled by Defendants Mitchell and Neuman, who refused to produce the documents through party discovery in the Litigation, where they are represented by the same counsel.  *See* Ex H.

Finally, MTRX's objection to producing any documents on confidentiality grounds is entirely improper.  "Under Rule 26, no absolute privilege immunizes confidential information from discovery." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 4-60268-CIV, 2014 WL 6473232, at *7 (S.D. Fla. Nov. 18, 2014).  Under the two-tier protective order in the Litigation, MTRX is entitled to designate documents as "Confidential" or "Highly Confidential" in order to preserve their confidentiality.[6]

**REQUEST NO. 2:  All agreements and related transaction documents pursuant to which You (i) purchased or otherwise acquired any interest in MV Realty, the RTL Business, and/or any Affiliated business; (ii) sold or otherwise disposed of any interest in MV Realty, the RTL Business, and/or any Affiliated business; or (iii) provided or arranged financing for MV Realty, the RTL Business, and/or any Affiliated business; and all communications related to any such transactions.**

MTRX's Objections: MTRX asserted blanket objections to the Subpoena, on the basis of (i) relevancy; (ii) overbreadth, undue burden, and disproportionality; (iii) availability of documents from other parties; and (iv) confidential and proprietary information.

---

[6] *See Innovatus Capital Partners, LLC v. Jonathan Neuman et al.*, No. 1:18-cv-4252-LLS, ECF No. 74, ¶ 11 (May 11, 2020); *MV Realty PBC, LLC v. Innovatus Capital Partners, LLC*, No. 1:18-cv-07142-LLS, ECF No. 64, ¶ 11 (May 11, 2020) ("Any Documents, Information, or Testimony that may be produced in the Proceeding, pursuant to subpoena or otherwise, may be designated as 'Confidential' or 'Highly Confidential' under the terms of this Protective Order, and any such designation by a non-party to the Proceeding shall have the same force and effect, and create the same duties and obligations, as if made by one of the parties hereto.").

<u>Reasons Assigned as Supporting the Motion to Compel</u>:  Similar to Request 1 above, this Request narrowly seeks agreements and transaction documents related to ███████████ ████████████████████████████████████████████████████████████████████ Those documents will reflect the value that MTRX and others attributed to MV Realty's RTL business.  And, taken together, those documents would be helpful for assessing the value of that business over time, which will support the determination regarding whether and to what extent MV Defendants were unjustly enriched by misappropriating Innovatus' confidential methods.  *See* Ex. K, at 1-2.  Moreover, the transaction agreements likely contain other highly relevant terms beyond price, such as representations and warranties regarding the business and its financial condition, confidentiality provisions, and non-circumvention provisions.  Any such terms would bear on the nature and profitability of the business and the methods in use, as well the need to protect against unauthorized use of confidential information or attempts by one party to circumvent the other.

MTRX's remaining blanket objections are likewise without merit.  MTRX fails to provide any information regarding its burden in responding to this Request, which seeks targeted categories of documents related to agreements and transactions concerning MV Realty's RTL Business.  And, as discussed above, the fact that the MV Defendants may also have possession of some responsive documents, or that responsive documents may contain confidential or proprietary information, are not sufficient bases for withholding documents.

**REQUEST NO. 3:  All documents relating to the valuation of MV Realty, the RTL Business, and/or any Affiliated business, or Your investment in MV Realty, the RTL Business, and/or any Affiliated business.**

<u>MTRX's Objections</u>: MTRX asserted blanket objections to the Subpoena, on the basis of (i) relevancy; (ii) overbreadth, undue burden, and disproportionality; (iii) availability of documents from other parties; and (iv) confidential and proprietary information.

Reasons Assigned as Supporting the Motion to Compel: Similar to Requests 1 and 2, all documents related to valuations that MTRX received, conducted, or arranged to have done with respect to MV Realty and its RTL business will be critical in understanding how valuable MTRX and others believed MV Realty's business was over time, as MV Realty continued to use the confidential methods it had obtained from Innovatus. *See* Ex. K, at 1-2.

MTRX's remaining blanket objections are likewise without merit. MTRX fails to provide any information regarding its burden in responding to this Request, which seeks targeted categories of documents related to its valuations of MV Realty's RTL Business. And, as discussed above, the fact that the MV Defendants may also have possession of some responsive documents, or that responsive documents may contain confidential or proprietary information, are not sufficient bases for withholding documents.

**REQUEST NO. 4: All communications with 777 relating to MV Realty, the RTL Business, and/or any Affiliated business, including but not limited to all documents related to Your acquisition of an ownership interest in MV Realty, the RTL Business, and/or any Affiliated business from 777.**

MTRX's Objections: MTRX asserted blanket objections to the Subpoena, on the basis of (i) relevancy; (ii) overbreadth, undue burden, and disproportionality; (iii) availability of documents from other parties; and (iv) confidential and proprietary information.

Reasons Assigned as Supporting the Motion to Compel: MTRX's communications with 777 relating to MV Realty are critically important, as discovery has revealed that Defendants Mitchell and Neuman, who manage and control MTRX, ███████████████████████ ████████████████████████████████████ Accordingly, ██████████████████ ██████████████████████ goes directly to the MV Defendants' violation of their NDAs, which included both non-disclosure and non-circumvention provisions. ██████████████████ ████████████████████████████████████████████████████

MTRX's remaining blanket objections are likewise without merit.  MTRX fails to provide any information regarding its burden in responding to this Request, which narrowly seeks communications with 777 relating to MV Realty and the RTL Business.  And, as discussed above, the fact that the MV Defendants may also have possession of some responsive documents, or that responsive documents may contain confidential or proprietary information, are not sufficient bases for MTRX to withhold documents.

**REQUEST NO. 5:  All documents relating to (i) Innovatus; (ii) David Schiff; (iii) AMWCo (TX), LLC d/b/a Redibs; or (iv) the above-captioned lawsuits.**

<u>MTRX's Objections</u>: MTRX asserted blanket objections to the Subpoena, on the basis of (i) relevancy; (ii) overbreadth, undue burden, and disproportionality; (iii) availability of documents from other parties; and (iv) confidential and proprietary information.

<u>Reasons Assigned as Supporting the Motion to Compel</u>:  Documents relating to the Litigation are by definition relevant.  In particular, MTRX's internal communications concerning the claims in the lawsuit or the parties thereto could shed light on the MV Defendants' initial intention to partner with Innovatus and their subsequent decision to split from Innovatus and pursue a competing business in violation of their contractual obligations, as well as any "first mover" or other competitive advantage that they obtained through those contractual breaches.

MTRX's remaining blanket objections are likewise without merit.  MTRX fails to provide any information regarding its burden in responding to this Request, which narrowly seeks documents relating to the Litigation.  And, as discussed above, the fact that the MV Defendants may also have possession of some responsive documents, or that responsive documents may contain confidential or proprietary information, are not sufficient bases for withholding

documents.

**REQUEST NO. 6:  All documents relating to efforts to raise capital or financing for MV Realty, the RTL Business, and/or any Affiliated business.**

MTRX's Objections: MTRX asserted blanket objections to the Subpoena, on the basis of (i) relevancy; (ii) overbreadth, undue burden, and disproportionality; (iii) availability of documents from other parties; and (iv) confidential and proprietary information.

Reasons Assigned as Supporting the Motion to Compel:  Similar to the Requests above, documents relating to capital-raising and financing efforts on behalf of MV Realty will play an important role in determining the profitability and value of its RTL business over time, which is directly relevant to determining the extent to which the MV Defendants were unjustly enriched by their unlawful conduct.  *See* Ex. K, at 1.   Such documents also will likely shed light on the methods in use, as any potential investors or financing sources would have undoubtedly requested and received information about the nature of the business.

MTRX's remaining blanket objections are likewise without merit.  MTRX fails to provide any information regarding its burden in responding to this Request, which seeks targeted categories of documents related to the financing of MV Realty's RTL Business.  And, as discussed above, the fact that the MV Defendants may also have possession of some responsive documents, or that responsive documents may contain confidential or proprietary information, are not sufficient bases for withholding documents.

**REQUEST NO. 7:  All documents relating to any efforts to analyze the existing or potential market for RTL Transactions, including but not limited to any documents related to any competitive advantage that MV Realty may have had and any documents related to the value of being the first entrant, or one of the first entrants, into the market for RTL Transactions, whether generally or with respect to specific geographic markets.**

MTRX's Objections: MTRX asserted blanket objections to the Subpoena, on the basis of (i) relevancy; (ii) overbreadth, undue burden, and disproportionality; (iii) availability of documents

from other parties; and (iv) confidential and proprietary information.

      <u>Reasons Assigned as Supporting the Motion to Compel</u>:  Documents analyzing the market for RTL transactions and the value of being the first entrant relate directly to the confidential methods and business strategy that Innovatus shared with the MV Defendants.  They would also shed light on the value of that confidential information and the competitive advantage the MV Defendants seized when they abandoned Innovatus and pursued their own RTL Business, in violation of their various non-disclosure and non-circumvention obligations.  In addition, the requested documents are relevant to a key factual dispute in the case regarding the existence of a "first mover" advantage in the South Florida or other geographic markets.  After deliberately withholding documents on this topic during summary judgment proceedings, ██████████████ ████████████████████████████████████████████████████████████████ ████████████  Thus, documents on this topic would shed further light on the extent of the MV Defendants' misconduct, along with the value and competitive advantage they gained at Innovatus' expense.

      MTRX's remaining blanket objections are likewise without merit.  MTRX fails to provide any information regarding its burden in responding to this Request, which narrowly seeks documents related to any analyses of the markets for RTL Transactions.  And, as discussed above, the fact that the MV Defendants may also have possession of some responsive documents, or that responsive documents may contain confidential or proprietary information, are not sufficient bases for withholding documents.

*    *    *    *

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*/s/ Michael H. McGinley*
Attorney Name


Respectfully submitted,

BRINKLEY MORGAN
100 SE Third Avenue, 23rd Floor
Fort Lauderdale, Florida  33394
Telephone:  954-522-2200
Facsimile:  954-522-9123


By: /s/ Mark A. Levy
    MARK A. LEVY
    Florida Bar No. 121320
    mark.levy@brinkleymorgan.com

DECHERT LLP
Steven B. Feirson (*pro hac vice anticipated*)
Michael H. McGinley (*pro hac vice anticipated*)
Stuart T. Steinberg (*pro hac vice anticipated*)
2929 Arch St.
Philadelphia, PA 19104
Telephone: 215-994-4000
Facsimile: 215-994-2222
steven.feirson@dechert.com
michael.mcginley@dechert.com
stuart.steinberg@dechert.com

**ATTORNEYS FOR PLAINTIFF
INNOVATUS CAPITAL PARTNERS, LLC**